UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
CONSTELLATION NEWENERGY, INC.,                  :
:
Plaintiff,             :
:                    22-cv-03766 (LJL)
-v-                              :
:                    OPINION & ORDER
OM VEGETABLE, INC.,                             :
:
Defendant.             :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/12/2022_

LEWIS J. LIMAN, United States District Judge:

Plaintiff Constellation Newenergy, Inc. ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against Defendant Om Vegetable, Inc. ("Defendant"). Dkt. No. 24. For the following reasons, Plaintiff's motion is granted and Plaintiff is awarded damages in the amount of $727,582.65, prejudgment interest in the amount of $130,603.20, attorneys' fees and costs in the amount of $66,607.39, and post-judgment interest.

## BACKGROUND

Plaintiff is an energy company that provides power, natural gas, renewable energy, and energy management products and services to homes and businesses across the United States.[1] Dkt. No. 1 ¶ 7. Defendant, who is based in New York, operates a grocery store and is a former

---

[1] The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of Defendant's liability. *See Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 545 (S.D.N.Y. 2015) (defendant's default is deemed "a concession of all well-pleaded allegations of liability"). The Court also accepts the "uncontroverted documentary evidence submitted by plaintiffs" as true for purposes of Defendant's liability. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (finding liability based on "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiff").

customer of Plaintiff. *Id.* ¶ 8. On February 12, 2021, Plaintiff filed a lawsuit against Defendant in the United States District Court for the District of Maryland and asserted a cause of action for breach of contract, alleging that Defendant breached the parties' Customer Contract for EME Express Energy Services (the "Energy Services Agreement"). *Id.* ¶ 9. Specifically, Plaintiff alleged that Defendant breached the Energy Services Agreement by failing to pay invoices due to Plaintiff and sought to recover $727,582.65 for that breach, as well as attorneys' fees and pre- and post-judgment interest. *Id.*

On August 24, 2021, in connection with the District of Maryland lawsuit, the parties reached a settlement and executed an agreement to memorialize the terms of the settlement (the "Settlement Agreement"). *Id.* ¶ 10. The Settlement Agreement is in the form of a one-page document entitled "Terms of Settlement Agreement," that lays out the material terms of the agreement and is signed by Defendant and by a representative of Plaintiff. Dkt. No. 27-3. As part of the Settlement Agreement, Defendant agreed to execute a confession of judgment for the full amount of Plaintiff's breach of contract claim (*i.e.*, $727,582.65) plus attorneys' fees and pre- and post-judgment interest. Dkt. No. 1 ¶ 11. On September 9, 2021, Plaintiff sent a draft of the formal settlement agreement and confession of judgment to Defendant, but Defendant failed to execute either document or make any payments to Plaintiff. *Id.* ¶ 12.

On May 9, 2021, Plaintiff filed the complaint in this Court asserting three claims: (i) breach of contract for breach of the Settlement Agreement, (ii) breach of contract for breach of the Energy Services Agreement, and (iii) unjust enrichment. *Id.* Plaintiff sought $727,582.65 in actual damages plus attorneys' fees and costs and pre- and post-judgment interest. *Id.* On June 23, 2022, the Clerk entered a Certificate of Default as to the Defendant. Dkt. No. 13. On July 21, 2022, Plaintiff moved for a default judgment and served the motion upon the registered agent

for the Defendant. Dkt. Nos. 24–29. The Court held a telephonic hearing on August 8, 2022, at which counsel for Plaintiff appeared and counsel for Defendant did not. At the hearing, Plaintiff agreed that if the Court granted default judgment on either of the two breach of contract claims, then Plaintiff had no objection to the Court dismissing the remaining claims as moot.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).

Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the plaintiff's allegations

are sufficient to establish the defendant's liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Fed. R. Civ. P. 55(c), which requires a court to "weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).

I.     **Jurisdiction**

This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  The Complaint requests damages of $727,582.65 plus interest and attorneys' fees and costs.  *See* Dkt. No. 1 ¶¶ 27, 30–33.  And, complete diversity between the parties exists because Plaintiff is incorporated in Delaware and has its principal place of business in Maryland, whereas Defendant is incorporated and has its principal place of business in New York.  *Id.* ¶¶ 2–3.  Therefore, both the amount in controversy and complete diversity requirements are met.  The Court also has personal jurisdiction over the Defendant as Plaintiff served the Complaint on Defendant, Dkt. No. 7, and Defendant is incorporated in New York and maintains its principal place of business in New York, *id.* ¶ 5.

Although it is unclear from the Complaint whether venue is proper in the Southern District of New York, *see id.* ¶ 8 (noting that the grocery store at issue is based in Hicksville,

4

New York which is located in the Eastern District of New York), Defendant has waived venue by failing to appear in this action. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default."). And, this Court does not *sua sponte* find that dismissal or transfer to a different District is warranted "in light of the significant judicial resources already expended by the court in considering the instant default motion as well as Defendants' failure to raise any objection to venue." *Joe Hand Promotions, Inc. v. Elmore,* 2013 WL 2352855, at *1 n.2 (E.D.N.Y. May 29, 2013) (involving default judgment). For these reasons, the Court will consider Plaintiff's motion on the merits.

**II.   Liability**

"Before entering a default judgment, the Court must review the complaint to determine whether plaintiff has stated a valid claim for relief." *Zim Am. Integrated Shipping Servs. Co., LLC v. Aegis Trading & Shipping Co.*, 2014 WL 5286102, at *1 (S.D.N.Y. July 23, 2014); *see also Young–Flynn v. Wright*, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) ("A default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all.").

With respect to the breach of contract claim related to the Energy Services Agreement, the Energy Services Agreement provides that: "This Contract will be governed by Maryland law." Dkt. No. 27-1 ¶ 10. Under Maryland law, the elements of a breach of contract claims are: "contractual obligation, breach, and damages."[2] *Kumar v. Dhanda*, 198 Md. App. 337, 345, 17

---

[2] In Plaintiff's motion for default judgment, Plaintiff applies New York law to the breach of contract claim. Dkt. No. 25 at 9. The elements of a breach of contract claim under New York law, *see id.*, and Maryland, however, are the same, and so do not affect this Court's ruling on this

5

A.3d 744, 749 (2011), *aff'd sub nom. Shailendra Kumar, P.A. v. Dhanda*, 426 Md. 185, 43 A.3d 1029 (2012).

The allegations in the Complaint, accepted as true, are sufficient to establish breach of contract as to the Energy Services Agreement. Under the Energy Services Agreement, Defendant was obligated to pay Plaintiff for its services, which included installing energy efficient equipment at the Facility, Defendant did not do so, and Plaintiff suffered monetary damages as result. Dkt. No. 1 ¶ 9. Because Plaintiff has elected to proceed on the Energy Services Agreement alone, if liability is found, and also because any damages under the Settlement Agreement would be duplicative as to those under the Energy Services Agreement and for unjust enrichment, the Court dismisses the first claim and the third claim in the Complaint.[3] *See Lim v. Radish Media, Inc.*, 2022 WL 2292768, at *6 (S.D.N.Y. June 24, 2022) ("[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract" cause of action.).

### III. Damages

A default judgment entered on well-pleaded allegations does not reach the issue of damages. *See Moulton Masonry & Construction, LLC*, 779 F.3d at 189 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." (internal quotation marks and citation omitted) (alteration adopted)); *Ferri v. Berkowitz*, 561 F. App'x 64, 65 (2d Cir. 2014) (summary order) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F. 3d 105, 111 (2d Cir.

---

claim.

[3] As noted above, Plaintiff agreed at the August 8, 2022 teleconference in front of this Court that if the Court granted default judgment on either of the two breach of contract claims, then Plaintiff had no objection to the Court dismissing the remaining claims as moot.

1997)). Thus, "[o]nce liability has been established, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty." *Fonz, Inc. v. City Bakery Brands, LLC*, 2021 WL 5235190, at *3 (S.D.N.Y. Sept. 27, 2021), *report and recommendation adopted*, 2021 WL 4803821 (S.D.N.Y. Oct. 13, 2021); *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (explaining that a plaintiff must "substantiate its claim for damages with evidence to prove the extent of those damages").

Rule 55(b)(2) of the Federal Rules of Civil Procedure "allows but does not require the district judge to conduct a hearing" to determine the amount of damages to which the plaintiff is entitled. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991). Thus, "[a]n inquest into damages may be conducted on the papers, without an evidentiary hearing where there is a sufficient basis on which to make a calculation." *Fonz*, Inc., 2021 WL 5235190, at *3. Such an approach is appropriate here.

    A. **Actual Damages**

Under New York and Maryland law, "[d]amages for breach of contract 'seek to vindicate the promisee's expectation interest.'" *Hall v. Lovell Regency Homes Ltd. P'ship*, 121 Md. App. 1, 13 (1998) (quoting *Andrulis v. Levin Const. Corp.*, 331 Md. 354, 374 (1993)); *see Emposimato v. CICF Acquisition Corp.*, 89 A.D.3d 418, 421 (1st Dep't 2011). "Expectation interest damages include losses sustained, *i.e.*, 'out of pocket damages,' and gains lost, *i.e.*, 'benefit of the bargain' damages." *Id.* (quoting *Beard v. S/E Joint Venture*, 321 Md. 126 (1990)).

Plaintiff asserts that they are entitled to $727,582.65 under the terms of the Energy Services Agreement. In support of this assertion, Plaintiff's counsel submitted a copy of the

7

final invoice that Plaintiff submitted to Defendant dated June 17, 2020, which lists the total amount due and owing under the Energy Services Agreement by July 8, 2020 as $727,582.65. Dkt. No. 27-2 at 2. Under the Energy Services Agreement, Defendant was obliged to pay the invoices submitted to it within 20 business days of the invoice date—*i.e.*, 20 days after the June 17 date. Dkt. No. 27-1 § 5(a). Plaintiff has submitted a declaration from Patrick Vogelei, the Manager of Credit Risk for Plaintiff, declaring under penalty of perjury that Defendant failed to pay the total amount due in the invoice. Dkt. No. 27. This evidence is sufficient to establish that Plaintiff is owed $727,582.65 as damages for Defendant's breach of contract.

### B. Prejudgment Interest

Plaintiff also alleges that it is entitled to $130,603.20 in prejudgment interest pursuant to CPLR §§ 5001 and 5004. Dkt. No. 25 at 14. In diversity cases, prejudgment interest is governed by state law, here New York. *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). "Under New York law, in a breach of contract action, 'prejudgment interest must be calculated on a simple interest basis at the statutory rate of nine percent' per year, with certain exceptions that are not relevant here." *Jamil v. Solar Power Inc.*, 230 F. Supp. 3d 271, 277 (S.D.N.Y.) (citing CPLR §§ 5001 and 5004). Under New York law, interest shall be computed from the earlier date that the cause of action existed. *See id.* Here, that date is July 8, 2020, when Defendant was required but failed to pay the outstanding invoice discussed above. Applying this method of calculation, the Court finds that Plaintiff is entitled to $130,603.20 in prejudgment interest that it requests pursuant to CPLR §§ 5001 and 5004.

### C. Post-Judgment Interest

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961. *See* Dkt. No. 25 at 10. Post-judgment interest is "allowed on any money judgment in a civil case recovered in a

8

district court." *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, 2017 WL 4736742, at *3 (S.D.N.Y. Oct. 19, 2017) (quoting 28 U.S.C. § 1961(a)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The Court will award post-judgment interest at the statutorily prescribed rate.

### D. Attorneys' Fees and Costs

Finally, Plaintiff seeks attorneys' fees and costs in the amount of $75,425.05. Dkt. No. 25 at 9. Section 3 of the Energy Services Agreement provides that Plaintiff may recover its costs and expenses including reasonable attorneys' fees related to Defendant's failure to pay the invoices. Dkt. No. 27-1 at ¶ 5(c).

In determining what attorneys' fees are reasonable, this Court looks to "the 'lodestar' amount, which is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Cortes v. Bew Creators, Inc.*, 2016 WL 3455383, at *7 (S.D.N.Y. June 20, 2016) (quoting *Gaia House Mezz LLC v. State Street Bank & Trust Co*, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). In determining the reasonable hourly rate, the Court is guided by the market rate in the District "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "As to the reasonableness of the number of hours billed, courts 'should exclude . . . hours that were not reasonably expended,' such as where there is overstaffing or the hours are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Counsel has submitted a request for $65,425.05 in attorneys' fees and $1,182.34 in costs before expenses incurred in finalizing the motion for a default judgment and attending the hearing on the default judgment. Dkt. No. 26 at 3–4. The fees and expenses cover both this action and the action in the District of Maryland. The invoices reflect time billed by a partner in the Texas office of Foley & Lardner, two senior counsel from the same firm (one from the Texas office and one from the Maryland office) and an attorney from that firm admitted to the bar of this Court. Plaintiff seeks reimbursement at the rates of $678 currently (and $543 in 2020 and 2021) for the time of the partner, $559 currently (and $438 and $508 in 2020 and 2021) for the time of the Texas senior counsel, $482 for the Maryland senior counsel currently (and $438 in 2021), and $428 for the New York attorney who prepared the motion for the default judgment. *Id.* The total hours billed are 127.6.

The Court has reviewed the invoices. The hourly rates appear to be those that Plaintiff negotiated with its counsel without knowing the outcome of the case and also appear to be reasonable. The hours billed also are reasonable for a matter of this sort, that involved the filing of a complaint and litigation in the District of Maryland, participation in a settlement conference in Maryland federal court and the drafting of settlement papers, the preparation of briefs to reopen the Maryland action upon Defendant's breach of the settlement agreement, and the preparation of the complaint in this action as well as the motion for a default judgment. The Court will award the $65,425.05 in attorneys' fees and $1,182.34 in costs incurred thus far. It will not award any more in attorneys' fees for the finalization of the default judgment papers and participation in the default judgment hearing; those fees would be immaterial in any event.

## CONCLUSION

Because Defendant has failed to appear in this case despite having been served, it is hereby ORDERED that a default judgment is entered against Defendant. For the foregoing

reasons, the Clerk of Court is directed to prepare a judgment awarding damages in the amount of $727,582.65, prejudgment interest in the amount of $130,603.20, attorneys' fees and costs in the amount of $66,607.39, and post-judgment interest.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 24.

SO ORDERED.

Dated: August 12, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge